Treat, Justice, delivered the opinion of the court: At the November term, 1843, of the Sangamon circuit court, Durham, the plaintiff in error, was indicted for the crime of forgery. The indictment charged the forgery to have been committed by the alteration of an order drawn by one Grubb on “John Irwin, Robert Irwin, and John Williams, composing the firm of J. Irwin & Co.,” with the intent to defraud “John Irwin, Robert Irwin, and John Williams, composing the firm of Irwin & Co.” On this indictment Durham was arraigned, tried, and acquitted. Subsequently, during the same term, another indictment was found against him, precisely like the first, with the exception that John Irwin, Robert Irwin, and John Williams were described as “composing the firm of John Irwin & Co.” To this indictment the record in the former case was pleaded as autrefois acquit. There was a demurrer to the plea, which the court sustained. The defendant then pleaded guilty, and was sentenced to one year’s imprisonment. . The decision of the circuit court, in sustaining the demurrer to the plea of autrefois acquit, is now assigned for error. The plea of autrefois acquit is based on the principle that a man shall not more than once be placed in jeopardy, on the same accusation. If he has once been arraigned on a valid indictment, and acquitted, he can never again be put on his trial, and required to answer for the same offence. In the present case, it is conceded, that the first indictment was valid, and suffioientto sustain a conviction. The only question then is, “are the two indictments for the same identical offence.” This question must be determined by an inspection and comparison of the indictments, without the aid of extraneous circumstances, as nothing but the facts appearing from the record are pleaded. One general rule on tbis subject, we apprehend to be, that where the facts charged in the second indictment would, if true, have procured a conviction on the first, then the plea of autrefois acquit is well pleaded. The only difference in the indictments is in the description of the firm, which the prosecutors composed. If this description is such an averment as is necessary to be proved, in order to secure a conviction, then the two indictments are essentially variant; for, admitting all’of the allegations of the second indictment to be true, they would not have justified a conviction on the first. If, on the other hand, the description may be regarded as surplusage, then the indictments are essentially alike, and the prisoner could have been convicted on the first. By referring to the authorities and precedents, it will be seen, that in stating the name of the prosecutor, or person on' whom the offence was committed, certainty to a common intent only is necessary. The name [*174] 'by which he is usually known and distinguished is sufficient, without stating his residence or addition. If this be stated, it may be regarded as a superfluous averment, and need not be proved. Whenever a description or averment can be stricken out, without affecting the charge against the prisoner, and without vitiating the indictment, it may on the trial be treated as surplus-age, and rejected. 1 Chit. Crim. Law 211 and 216; Graham’s Case, 2 Leach 547; 2 Russell on Crimes 707; Roscoe’s Crim. Ev. 97; 1 Phillipp's Ev., Cowen & Hill’s ed., 205, 207; Rex. v. Ogilvie, 2 Carr. & Payne 230; The King v. Emden, 9 East 437. Determining this question by these principles, the description of the particular style under which the prosecutors transacted business was wholly unnecessary. It may be stricken out v/ithout injuriously affecting the prisoner, and without detriment to the indictment. Without this description, the indictment contains a charge of a substantive offence, specified in terms certain to a common intent. Such being the case, the material averments in the indictment are the same, and consequently the same offence is included in both. The accused having been once in peril on this, offence, and legally acquitted of it, he was entitled to plead that acquittal as a bar to the second prosecution ; and the circuit court erred in not sustaining his plea. The judgment of the circuit court is reversed, and the prisoner discharged. Judgment reversed.